The opinion of the Oourt was delivered by
C.olcock, J.
At common law no costs were recoverable. If the plaintiff did not prevail, he was amerced pro falso olamore; if he did, then the defendant was in misericordia for his unjust detention of the plaintiffs’ right, and therefore was not punished with the expensas litis under that title. But it grew into a practice to give costs in the damages where damages were found, and as Lord Chief Baron Gilbert says, the justices would sometimes assess costs above the damages. 2 Bac. Abr. *tit. Costs, 33, letter A. Then came the statute of Gloucester, which * gave costs in certain eases, and afterwards a number of other sta- L tutes and Acts of Assembly ; in none of which is embraced the present case. It did not originate in our Court. It came from the Court of Ordinary, and to that Court the verdict should have been returned; there, if any, where the appellant might have asked for costs. It is analogous to an issue out of chancery. The costs do not follow the verdict as a matter of course; but the finding of the jury is returned to the Court that ordered it, where the costs are discretionary. 2 Bacon, 56. Where an issue feigned is ordered by the Court, and a verdict, the costs may be made to abide the event. But there it is considered as a case arising in the Court, and stands on the footing of all other causes originating in the Court, and may be regulated by any order. I think I may venture to say that this judgment and execution is without precedent.
The motion is dismissed.
Gantt, Johnson and HugeR, JJ., concurred.